AO 91 (REV. 12/85)

# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS, EL PASO DIVISION

USA

vs.
(1) JUAN IGNACIO ESPINOZA-MEZA

CRIMINAL COMPLAINT
CASE NUMBER: EP:25-M -02380(1) - LE

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about **May 11, 2025** in **El Paso** County, in the **WESTERN DISTRICT OF TEXAS** DEFENDANT did, being an alien to the United States, enter, attempt to enter, or was found in the United States after having been previously excluded, deported, or removed from the United States without receiving permission to reapply for admission to the United States from the Attorney General of the United States and the Secretary of Homeland Security, the successor pursuant to Title 6, United States Code, Sections 202(3), 202(4), and 557

Count I: 50 USC 797 Prohibits the Willful Violation of any Defense Property Security Regulation,

Count II: 18 USC 1382 Entry of Military Property for Any Purpose Prohibited by Law,

in violation of Title **8** United States Code, Section(s) **1326; 50:797; 18:1382**.

I further state that I am a(n) **Border Patrol Agent** and that this complaint is based on the following facts: *"The Tx-NDA is a portion of land within the Western "*

Continued on the attached sheet and made a part hereof:  [X] Yes  [ ] No
Sworn to before me,

/S/ VALLES, DAVID R.
Signature of Complainant
Border Patrol Agent

May 13, 2025
Date

at EL PASO, Texas
City and State

LAURA ENRIQUEZ
UNITED STATES MAGISTRATE JUDGE

Signature of Judge
**OATH TELEPHONICALLY SWORN AT 01:01 P.M.
FED.R.CRIM.P. 4.1(b)(2)(A)**

CONTINUATION OF CRIMINAL COMPLAINT

WESTERN DISTRICT OF TEXAS

(1) JUAN IGNACIO ESPINOZA-MEZA

FACTS   (CONTINUED)

District of Texas that was transferred by the U.S. International Boundary and Water Commission (USIBWC) to the U.S. Army after it was deemed necessary to establish a Tx-NDA along the U.S./Mexico border. The property transferred consists of multiple parcels of fee land located along the southern border of the United States, extending east from the American Dam at El Paso, Texas, for approximately 63 miles to Fort Hancock, Texas, and those fee parcels extending from the International Boundary line located at the centerline of the Rio Grande River to the dry side toe of the U.S. IBWC flood control levee, comprising approximately 2,000 acres.

Specific notice forbidding such access to the Tx-NDA was present and provided by conspicuous twelve inch by eighteen-inch red and white colored signs placed at least every one hundred feet apart along the southern edge of the Tx-NDA stating, in both English and Spanish, that the area is a restricted area, and that unauthorized entry is prohibited by authority of the commander in accordance with the Secretary of Defense. The signs are strategically positioned to ensure they are clearly visible from the riverbank and can be seen well in advance before approaching the border fence structure.  Additionally, electrical lighting is used during nighttime hours in large portions of the area from the western most portion of the Tx-NDA down river up to a mile east of the Ysleta Port of Entry. In the remaining portion of the Tx-NDA there are additional areas with lighting supplied during hours of darkness by power plant generators and other structures.

Based on the location of DEFENDANT's apprehension by U.S. Border Patrol, the DEFENDANT illegally crossed the international border from Mexico at a place not designated by immigration officers and entered the United States through the Tx-NDA.

The DEFENDANT, Juan Ignacio ESPINOZA-Meza, an alien to the United States and a citizen of Nicaragua was found approximately .8 miles west of the Ysleta Port of Entry in El Paso, Texas, in the Western District of Texas.  From statements made by the DEFENDANT to the arresting agent, the DEFENDANT was determined to be a native and citizen of Nicaragua, without immigration documents allowing him to be or remain in the United States legally.  The DEFENDANT has been previously removed from the United States to Nicaragua on December 12, 2024, through Alexandria, Louisiana. The DEFENDANT has not previously received the expressed consent from the Attorney General of the United States or the Secretary of Homeland Security to reapply for admission into the United States.

Because this Affidavit is being submitted for the limited purpose of establishing probable cause as set forth herein, I have not included each and every fact known to me concerning this investigation.


IMMIGRATION HISTORY:
The DEFENDANT has been removed 1 time to Nicaragua on December 12, 2024, through Alexandria, Louisiana.

CRIMINAL HISTORY:
10/28/2024, IRVING, TEXAS, DRIVING WHILE INTOXICATED(M), UNK, .